Anne M. LaGorga, Esq. Town Attorney, Olive
You have inquired whether the positions of town planning board member and member of a county planning board are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town planning board has responsibility for the development of the master plan which forms the basis for development in a town (Town Law, § 272-a); if authorized by the town board advises other town departments and officers prior to the taking of action (id., § 274); and may be given the responsibility to approve site plans (id., § 274-a); and subdivision plans (id., § 276).
County planning boards review proposed zoning and planning actions by cities, towns and villages within the county in order to coordinate zoning and planning on a county-wide basis (General Municipal Law, §239-l). Specifically, each municipal agency having jurisdiction to adopt or amend zoning regulations, approve site plans, issue special permits or grant variances is required, prior to taking final action, to refer certain of these matters to the county planning board (id., § 239-m). The terms "special permit" and "site plan" are broadly defined to include any special permit, use permit, exception or other special authorization which a board of appeals, planning board or legislative body is authorized to issue under the provisions of any zoning ordinance (ibid.).
If the county planning board disapproves the proposal or recommends modifications, the affected municipal agency may not act contrary to the disapproval or recommendation except by vote of a majority plus one of its members (ibid.).
You have informed us that your town's planning board has been granted site approval powers. Thus, certain site plan proposals by the town planning board will be subject to county planning board review. Further, the town planning board is responsible for the development of the master plan. In that the master plan is the foundation for the enactment of zoning regulations, it follows that the town planning board has an interest in zoning regulations enacted by the town board. Proposed zoning regulations may be subject to review by the county planning board.
In our view, these two positions are incompatible. County planning board review takes into consideration regional planning concerns in reviewing local zoning regulations. Its members must not have local affiliations and interests that jeopardize the impartiality needed to perform this role. The review of town planning board site plan proposals by the county planning board creates a direct and substantial conflict of interests. Further, the review by the county planning board of zoning regulations of the town board also creates a conflict in that the regulations are required to be based upon the master plan developed by the town planning board. Under these circumstances, a person who is a member of both the town planning board and the county planning board may not in certain cases be able to exercise his duties impartially. In any event, we believe that this dual officeholding creates the appearance that public duties may not be exercised solely in the public interest. In addition to the prohibition of actual bias, even the appearance of impropriety must be avoided to maintain public confidence in government.
We conclude that the positions of town planning board member and member of the county planning board are incompatible.